UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS BRANCH, | ) | CASE NO. 4:22-cv-1962 |
| | ) | |
| Petitioner, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| WARDEN ANTHONY DAVIS, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Marcus Branch ("Branch") received a 36-month prison sentence after pleading guilty to attempted felonious assault. (Doc. No. 6-1 (State Court Record), at 15.)[1] The state trial court imposed an additional prison sanction because Branch was on post release control at the time of the offense. (*Id.*) In this petition, Branch argues that his conviction and sentence violated the Fifth Amendment Double Jeopardy Clause, separation of powers principles, and the Fourteenth Amendment Due Process Clause. (Doc. No. 1 (Petition).) Warden Anthony Davis (the "Warden") opposes the petition (Doc. No. 6 (Return)), and Branch did not file a reply. For the reasons explained below, Branch's petition is **DENIED,** and this case is **DISMISSED.**

I.  BACKGROUND

Shortly after being released from prison, Branch visited his girlfriend Christine Hanson at her apartment. (Doc. No. 6-1, at 63.) Because he was short on money, Branch proposed that the

---

[1] All page number references are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

pair rob another individual. (*Id.*) When Hanson refused to go along with that plan, Branch assaulted and robbed her instead. (*Id.*) Branch's attack left Hanson "severely bruised" with "blood covering [her] body, her bedroom walls, and carpet." (*Id.*) Branch was arrested and ultimately pleaded guilty to one count of attempted felonious assault. (*Id.* at 65.) The state trial court sentenced Branch to 36-months in prison. (*Id.* at 15.)

At the time of the attack, Branch was on post release control for a prior felony conviction. (*Id.* at 63.) In Ohio, post release control is a "period of supervision by the adult parole authority after a prisoner's release from imprisonment[.]" Ohio Rev. Code. § 2967.01(N). According to Branch, he faced two additional penalties as a result of that status. First, soon after he was arrested, the Ohio Adult Parole Authority ("OAPA") ordered Branch to spend several months in prison. (*See* Doc. No. 1-2, at 1, 3; Doc. No. 6-1, at 287.) By Branch's telling, that term of incarceration lasted around five-and-a-half months and was completed by the time Branch was sentenced for the attempted felonious assault. (*See* Doc. No. 1-2, at 1, 3.) Second, the state trial court—consistent with Ohio law—ordered Branch "to serve the remainder of his [previously imposed post release control term] as a prison sanction" consecutive to the 36-month prison term. (Doc. No. 6-1, at 15.)

Branch appealed his sentence to the Ohio Eighth District Court of Appeals. (*Id.* at 18.) Branch argued (in relevant part) that, because "he had already been sentenced to five-and-a-half months for the same post-release control violation" by the OAPA, the imposition of the additional judicial sanction violated the Double Jeopardy Clause. (*Id.* at 39.) But Branch did "not cite to the record or provide any other information with respect" to the OAPA's post release control sanction, so the state appellate court did not reach the merits of the double jeopardy argument. (*Id.* at 72.) Notably, Branch did not raise a separation of powers or due process argument on direct appeal. (*See id.* at 66.)

Branch then tried to bolster his double jeopardy argument. In a subsequent motion for reconsideration, for example, he offered additional explanation and urged the state appellate court to "call and verify with the Ohio Parole Board" that he "served 5.5 months as a parole sanction[.]" (*Id.* at 145.) The state appellate court denied that request, along with a motion for delayed reconsideration, a motion to certify a conflict, and a motion for en banc consideration. (*Id.* at 154–66.) Branch then turned to the Supreme Court of Ohio, which declined to review his case. (*Id.* at 80–85, 103.)

Branch also filed various post-conviction motions with the state trial court, claiming that his "Double Jeopardy Clause rights were violated[.]" (*See, e.g.*, *id.* at 196–199, 201.) The state trial court denied all of those motions, and there is no indication in the record that Branch appealed any of those rulings. (*See, e.g.*, *id.* at 200, 203.)

With his state court avenues exhausted, Branch sought a writ of certiorari from the United States Supreme Court. (*Id.* at 104.) In his petition, Branch made a double jeopardy argument, but—for the first time—pressed a separation of powers and due process claim. (*Id.* at 118–22.) The Court declined to hear Branch's appeal. (*Id.* at 144.)

Branch eventually moved to reopen his direct appeal pursuant to Ohio Rule of Appellate Procedure 26(B), asserting that his appellate counsel was ineffective. (*Id.* at 167.) In support of that contention, Branch pointed to several arguments that, in his view, were improperly omitted from his direct appeal. (*Id.* at 169–72.) Although he acknowledged that his motion was untimely, he argued that his need to conduct research and attain records constituted good cause to excuse the delay. (*Id.* at 168.) The state appellate court found Branch's explanation insufficient and denied his motion as untimely. (*Id.* at 192–93.)

3

Branch now seeks federal habeas relief on four grounds. (Doc. No. 1.) His arguments largely mirror the arguments made in his motion to reopen his appeal (save his conflict claim). First, Branch claims that his sentence violated the Double Jeopardy Clause. (*Id.* at 5.) Second, he argues that the way his post release control sanctions were imposed violates the separation of powers doctrine. (*Id.* at 7.) Third, he contends that a months-long delay between his arrest and arraignment violated his due process rights. (*Id.* at 8.) Finally, Branch claims that the state court trial judge should have disqualified himself on account of a conflict of interest. (*Id.* at 10.) Branch does not explicitly ground his fourth claim in federal law. (*Id.*) The Court sees this claim as being most clearly cognizable under the Due Process Clause and construes it as such.[2]

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2254, a "state prisoner may request that a federal court order his release by petitioning for a writ of habeas corpus." *Shinn v. Ramirez*, 596 U.S. 366, 375, 142 S. Ct. 1718, 1730, 212 L. Ed. 2d 713 (2022). But a writ of habeas corpus is "an extraordinary remedy that guards only against extreme malfunctions in the state criminal justice systems." *Id.* at 377 (citation and quotation marks omitted). To that end, the scope of federal habeas review is "narrowly circumscribed" and there are numerous substantive and procedural limits on habeas relief. *Id.* at 375, 377–79 (citations and quotation marks omitted).

For one, a federal court may not grant habeas relief on a claim adjudicated on the merits in state court unless the state-court ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). That "standard is difficult to meet" and requires a

---

[2] "[T]he Due Process Clause clearly requires a fair trial in a fair tribunal, before a judge with no actual bias against the defendant or interest in the outcome of his particular case." *Jackson v. Cool*, 111 F.4th 689, 696 (6th Cir. 2024) (citation and quotation marks omitted), *cert. denied,* 145 S. Ct. 1321, 221 L. Ed. 2d 405 (2025).

petitioner to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 102–03, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).

For another, a petitioner must often overcome the procedural default doctrine, which serves to bar review of claims that a state court has declined to address because the petitioner did not comply with a state procedural requirement. *See, e.g.*, *Shinn*, 596 U.S. at 378. "A federal habeas petitioner can procedurally default a claim by failing to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim." *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citation and quotation marks omitted); *Taylor v. McKee*, 649 F.3d 446, 450 (6th Cir. 2011). In either case, federal habeas review is barred if the state court relied on an "independent and adequate" state procedural ground in refusing to reach the merits of a petitioner's claims. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

"When a claim is procedurally defaulted, a federal court can forgive the default and adjudicate the claim if the prisoner provides an adequate excuse." *Shinn*, 596 U.S. at 379. That requires a petitioner to either demonstrate cause and actual prejudice or show that failure to consider the claim will result in a fundamental miscarriage of justice. *Lundgren*, 440 F.3d at 763–64; *Maupin*, 785 F.2d at 138. "Habeas petitioners cannot rely on conclusory assertions of cause and prejudice to overcome procedural default; they must present affirmative evidence or argument as to the precise cause and prejudice produced." *Lundgren*, 440 F.3d at 764.

5

## III. DISCUSSION

Measured against those strict standards, Branch's claims do not warrant relief. His first claim fails on the merits, and his remaining claims are procedurally defaulted.

### A. Ground 1

Branch has argued in state and federal court—albeit with varying degrees of clarity—that he was "sentenced three times for the same case" in violation of the Fifth Amendment Double Jeopardy Clause. (Doc. No. 1, at 5 (emphasis omitted).) His argument focuses on the two sanctions he faced for violating his post release control: the five-and-a-half-month prison term imposed by the OAPA and the state trial court's order that Branch "serve the remainder of his [post release control term] as a prison sanction." (Doc. No. 6-1, at 15.) As Branch sees it, those sanctions are unconstitutionally duplicative. (*See* Doc. No. 1, at 5.) In support, Branch attaches several exhibits that document his various terms of incarceration. (Doc. No. 1-2, at 1, 3.)

The Warden seems to contend that Branch failed to fairly present his double jeopardy argument in state court, but the precise theory of that default is not clear from the briefing. (Doc. No. 6, at 20.) At several points, for example, Branch did raise his double jeopardy theory in state court, both on direct appeal and in post-conviction motions. (*See, e.g.*, Doc. No 6-1, at 39–40, 196–99, 201.) In any event, the Court need not consider the potential procedural deficiency issue as to Claim 1 because Branch's substantive argument plainly lacks merit. *See Hudson v. Jones*, 351 F.3d 212, 215–16 (6th Cir. 2003); *Johnson v. Wainwright*, No. 1:17-cv-2143, 2019 WL 7284990, at *12 (N.D. Ohio Aug. 8, 2019), *report and recommendation adopted*, 2019 WL 5616318 (N.D. Ohio Oct. 31, 2019).

The revocation of post release control and associated sanctions do not implicate double jeopardy protections. *See, e.g.*, *United States v. Miller*, 797 F.2d 336, 340 (6th Cir. 1986) (finding

6

that double jeopardy protections do not attach to probation revocation proceedings); *Wilson v. Mitchell*, 61 F. App'x 944, 946–47 (6th Cir. 2003) (collecting cases and recognizing that "double jeopardy does not apply to revocation of parole"); *United States v. Lester*, 76 F.3d 380 (6th Cir. 1996) (table decision) ("Because revocation of both parole and supervised release are deferred punishments for the previously imposed offense, double jeopardy simply does not apply to those proceedings."); *Butcher v. Harris*, No. 2:19-cv-273, 2019 WL 3842410, at *4–5 (S.D. Ohio Aug. 15, 2019) (finding "double jeopardy protections [] inapplicable" because a prison sanction imposed for violating post release control did not constitute "criminal punishment"), *report and recommendation adopted*, 2019 WL 5577987 (S.D. Ohio Oct. 29, 2019). Accordingly, Branch's sentence did not violate the Fifth Amendment and his first ground for relief is without merit. *See Harrington*, 562 U.S. at 103.

### B. Grounds 2, 3, and 4

Branch failed to properly raise his remaining claims in state court. To be cognizable on habeas review, a claim must be fairly presented to the highest state court through the state's "ordinary appellate review procedure[.]" *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citation and quotation marks omitted). Branch concedes that he did not raise his separation of powers, due process, or conflict claims on direct appeal or in his various motions for reconsideration. (Doc. No. 1, at 7, 9–10.)

Eventually, Branch moved to reopen his direct appeal based on ineffective assistance of counsel under Ohio Rule of Appellate Procedure 26(B). (Doc. No. 6-1, at 169–72.) In support of that motion, he pointed to various constitutional arguments that he believed his attorney should have raised but did not. (*Id.*) He raises all of those same arguments here, plus his conflict claim. (Doc. No. 1, at 5–10.) But his motion to reopen could preserve only an ineffective assistance of

7

counsel claim for habeas review, "not the underlying substantive argument[s]." *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012); *Foster v. Forshey*, No. 5:25-cv-00087, 2025 WL 2062463, at *10 (N.D. Ohio July 23, 2025). And, even looking past that problem, Branch's motion was untimely under Rule 26(B), so the state appellate court refused to consider the merits of his arguments. (Doc. No. 6-1, at 192–94.) That refusal is an independent and adequate ground for precluding relief. *See, e.g.*, *Monzo v. Edwards*, 281 F.3d 568, 578 (6th Cir. 2002); *Shank v. Marquis*, No. 21-3372, 2022 WL 2163789, at *4 (6th Cir. June 15, 2022). Branch has procedurally defaulted his second, third, and fourth claim.

Branch cannot demonstrate cause for his default. *Lundgren*, 440 F.3d at 763–64. On that score, he argues that his attorney was ineffective because he "didn't do his research," "didn't really do a good job [at] communicating with [Branch]," and was "just in it for the money[.]" (Doc. No. 1, at 7, 9, 10, 12.) According to Branch, absent those shortcomings, his arguments would have been raised in state court. (*Id.* at 7.)

Although, in "certain circumstances counsel's ineffectiveness in failing properly to preserve [a] claim for review in state court" can constitute cause, Branch has procedurally defaulted that argument too. *Edwards v. Carpenter*, 529 U.S. 446, 451–53, 120 S. Ct. 1587, 1591, 146 L. Ed. 2d 518 (2000) ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted."). "In Ohio, prisoners . . . must press their ineffective-assistance-of-appellate-counsel claims in an application filed under Ohio Appellate Rule 26(B)." *Shank*, 2022 WL 2163789, at *4. Branch did so here. (Doc. No. 6-1, at 167–74.) But again, the state appellate court never reached the merits of his motion because it was raised too late. (Doc. No. 6-1, at 192.) So, even assuming Branch's arguments had merit, he cannot rely on his appellate counsel's purported ineffectiveness to excuse his default. *Edwards*,

8

529 U.S. at 453; *Shank*, 2022 WL 2163789, at *4 ("Under our caselaw, we treat such untimely Rule 26(B) applications as another adequate and independent state ground to bar federal relief.").

### IV. CONCLUSION

Branch's first claim lacks merit, and he has procedurally defaulted his second, third and fourth claims for relief. Accordingly, the petition for a writ of habeas corpus is **DENIED**. The Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b). This case is **DISMISSED**.

**IT IS SO ORDERED**.

Dated: August 15, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**